**SO ORDERED: June 23, 2014.**



**Robyn L. Moberly**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JACK R. ATWOOD | ) | CASE  NO. 13-13193-RLM-7A |
| MARY MELANIE ATWOOD | ) | |
| | ) | |
| Debtors | ) | |

**ORDER DENYING DEBTORS' MOTION TO EXCLUDE TURNOVER**
**OF CHILD TAX CREDIT PORTION OF REFUND**

This matter came before the Court upon the *Motion to Exclude from Turnover The Child Tax Credit Portion of Debtors' Federal Refund* filed by the Debtors on May 2, 2014 and the chapter 7 trustee's objection thereto.  Hearing on this matter was held on May 28, 2014.  The matter is a "contested matter" pursuant to Fed. R. Bankr. P. 9014 and this Order shall serve as findings of fact and conclusions of law to the extent required under Fed. R. Bankr. P. 7052.

### *Background*

The Debtors filed their chapter 7 case on December 23, 2013 (the "Petition Date").  The Debtors' filed a joint tax return for the tax year ending December 31, 2013 and received a federal tax refund, $2,000 of which was from the child tax credit.  The Debtors argue that they had no interest in this refund as of the Petition Date because

their eligibility to receive it was not determined until December 31, 2013.  The Debtors argue that it is not property of the estate and is not subject to turnover

### *Discussion*

Only "property of the estate" is subject to turnover to a trustee under 11 U.S.C. §542.  *In re Mason*, 386 B.R. 715, 722 (Bankr. N. D. Ill. 2008).  Section 541 of the Bankruptcy Code broadly defines "property of the estate" to include "all legal or equitable interests of the debtor in property as of the commencement of the case" and the expansive definition also includes interests that are only contingent as of the petition date. *In re Powell*, -- B.R. -- , 2014 WL 1797842 at *2 (Bankr. C. D. Ill, May 6, 2014).

26 U.S.C.A. § 24 provides for the child tax credit ("CTC") and allows taxpayers to claim a tax credit of $1,000 per child provided certain criteria are met.  At a minimum, the taxpayer must claim the child as a dependent, the child must be under the age of 17 at the end of the tax year, and the credit is phased out above certain income thresholds.[1]  This credit has both nonrefundable and refundable parts.  The "nonrefundable" portion operates to reduce the amount of tax liability where the tax liability exceeds or is equal to the credit.

A CTC is "refundable" where the amount of the CTC exceeds the taxpayer's tax liability and the taxpayer had earned income for that tax year.  In such cases, the taxpayer may receive a refund in an amount not to exceed 15% of the taxpayer's earned income over $3,000.[2]  This refundable portion of the CTC is referred to on the Internal Revenue form 1040 as the "Additional Child Tax Credit", that being the amount over and above the amount used to offset tax liability.  It is assumed that the refund here results from the CTC exceeding the Debtor's tax liability, as the CTC which merely offsets tax liability would have produced no refund, thus dispensing with the need to

---

[1] Generally, when claiming the credit for calendar year 2013, the credit is reduced by $50 for every $1,000 the taxpayer's "modified" adjusted gross income exceeds: (1) $110,000 for married filing jointly; (2) $75,000 for a single head of a household and (3) $55,000 for married filing separately.  However, these limits may be increased by any amount excluded from gross income under section 911, 931, or 933 of the Internal Revenue Code.

26 U.S.C.A. § 24 (West) 26 U.S.C. §24(b)(2).

[2] The earned income amount increases to $10,000 in 2018. *8 Mertens Law of Fed. Income Tax'n* §32:34.

discuss whether it was property of the estate.[3]  *In re Landgrebe*, 2009 WL 3253933 at *1-2 (Bankr. D. Colo, September 23, 2009); *In re Donnell,* 357 B.R. 386, 402 (Bankr. W. D. Tex. 2006).

The Debtors are on a regular calendar tax year which ended more than a week after the Petition Date. The Debtors argue that December 31, 2013 was the operative date by which it was determined whether they were eligible to claim the CTC.  Because their eligibility to take the CTC had not yet been determined as of the Petition Date, the Debtors claim they owned no interest in the refund.

Like the CTC, eligibility to claim the EIC is determined at the end of the tax year. A debtor who filed bankruptcy before the end of the year for which *the EIC* was claimed similarly argued that her EIC refund was not property of the estate because her eligibility to claim the EIC had not "vested" as of her petition date.  *Johnston v. Hazlett, (In re Johnston)*, 209 F.3d 611, 612 (6th Cir. 2000).  The Sixth Circuit Court of Appeals noted that qualifying individuals may request payment of the EIC any time during the tax year, and therefore EIC's do not accrue at the end of the tax year but rather accrue proportionately throughout the tax year.  Neither possession nor constructive possession of the refund was a requisite to vest a debtor with a property interest under Section 541's expansive definition of "property of the estate".  The court concluded that the portion of the EIC refund attributable to pre petition income was "property of the estate".  *Id.* at 917.

The child tax credits are treated differently than the EIC for tax purposes, however.  Section 3507 of the Internal Revenue Code was the section that allowed taxpayers to receive advance payments of their EIC.  There is no corresponding provision for the CTC.  It was this distinguishing factor that led one bankruptcy court to conclude that the debtor's right to the CTC refund did not come into existence until the end of the tax year. *In re Schwarz*, 314 B.R. 433, 435 (Bankr. D. Neb. 2004).  The *Schwarz* court also found that the CTC was a tax credit against a taxpayer's total tax liability and that liability cannot be determined until the end of the tax year.  *Id.*  The court determined that the tax code treated the CTC and EIC differently and that these

---

[3] The Court does not have the benefit of reviewing the Debtors' 2013 tax return as it neither attached to their motion nor introduced into evidence at the hearing.

disparate tax treatments were sufficient to treat them differently for bankruptcy purposes.  The debtor in *Schwarz* filed her bankruptcy prior to the end of that tax year and actually received a refund attributable to the CTC. The court concluded that the CTC refund was after acquired property and not property of the estate. *Id.*

   *Schwarz* has been soundly criticized, even by a bankruptcy appellate panel in its own circuit:

> All of the statutory differences between the EITC [EIC] and the CTC noted above are significant for tax purposes, but not for bankruptcy purposes.  From a bankruptcy point of view, both types of credits are contingent interests on the petition date.  For that reason, and despite the many distinctions between them, they become property of the bankruptcy estate.

*In re Law*, 336 B.R. 780, 783 (B.A.P. 8th Cir. 2006). The majority of courts that have addressed the issue have agreed that a debtor who files a bankruptcy case before the end of the tax year nonetheless holds a contingent property interest in the CTC refund as of the petition date and that the prorated amount of the CTC refund is property of the estate. *In re Griffin*, 339 B.R. 900, 902 (Bankr. E. D. Ky. 2006) ("the Child Tax Credit is 'sufficiently rooted' in debtor's prepetition earnings to be considered property of the estate despite the contingent nature of the credit on the date the petition was filed"); *In re Minton*, 348 B.R. 467, 475 (Bankr. S. D. Ohio 2006) ("…a child tax credit for a tax year that began prior to the bankruptcy is a contingent interest upon the bankruptcy filing date even though it is not finalized until a future contingency occurs, i.e. the end of the tax year and filing of the tax return"); *In re Baylosis*, 2007 WL 1206739 at *2-3 (Bankr. E. D. Tenn., April 24, 2007) (adopting the reasoning of Minton and determining that child tax credits are contingent interests that fall within the scope of §541(a) and are property of the estate); *In re Lee*, 415 B.R. 518, 524 (Bankr. D. Kan. 2009) ("…a number of courts …have rejected *Schwarz* and ruled instead that the additional child tax credit should be treated the same as the earned income credit for bankruptcy purposes. The Court is convinced the Tenth Circuit would rule the prepetition portion of the additional child tax credit is property of the bankruptcy estate");  *In re Krahn*, 2009 WL 49907034 at *5 (Bankr. D. Kan. 2009) (agreeing with the *Law* case that the statutory differences between the EIC and the child tax credit are significant for tax purposes but not for bankruptcy purposes).  But see, *In re Donnell*, 357 B.R. 386, 404 (Bankr. W. D.

4

Tex. 2006) ("[t]o possess an interest on the petition date, a taxpayer would have to meet the requirements of section 24 of the Internal Revenue Code, including the requirements in Section 24(d) for the additional (refundable) CTC. … ", concluding that the debtor did not have sufficient prepetition earned income to qualify for the CTC). The Court finds the majority view to be sound and finds that the Debtors possessed a contingent interest in the CTC refund on the petition date and thus the prepetition portion of that refund is property of the estate.

It bears repeating that this order is based on the assumption that the $2,000 refund was from the CTC and that the entire $2,000 was refunded to the Debtors as an overpayment of tax.  The Court does not have the benefit of reviewing the Debtors' 2013 tax return because it was neither attached to their motion nor introduced into evidence at the hearing.  Debtor Mary Atwood was present at the hearing but did not testify.  The Debtors' motion recites that the Debtors received a refund and "'[t]hat, as part of that refund was a sum attributable to a child tax credit in the sum of $2,000". *Debtor's Mot, ECF No. 30.*  To the extent any part of the $2,000 is attributable to the nonrefundable CTC (in which case it only reduced the Debtors' tax liability) it is not property of the estate and not subject to turnover because it is not an "overpayment" of a tax.  See, *Landgrebe*, at *2; *In re Parker*, 352 B.R. 447, 454 (Bankr. N. D. Ohio 2006).

With that caveat, the Court DENIES the Debtors' motion.

**# # #**

Distribution:

Jerry J. Lux, Attorney for the Debtors
Thomas A. Krudy, Chapter 7 Trustee
Paul D. Gresk, Attorney for the Trustee

5